IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. 1:08-cr-113 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| THEODORE CARL BANKS, JR. | § | |

## ORDER

Before the court is the Government's motion to reconsider and re-open the suppression hearing conducted on February 20, 2009. After reviewing the videotape of the traffic stop and hearing the testimony of the officers involved, the court found that: the initial traffic stop was justified; the license and warrants check had come back clean before the officer asked consent to search or called for the drug dog; the continued detention to ask for consent, the wait for a drug dog, and the subsequent search were therefore "not reasonably related in scope to the circumstances which justified the interference in the first place," *Terry v. Ohio*, 392 U.S. 1, 20, 88 S. Ct. 1868, 1879 (1968); and the information obtained prior to calling for the drug dog did not support a reasonable suspicion that justified the continued detention. Based on these findings, the court held that the evidence obtained from the vehicle in which Defendant was a passenger was inadmissible.

The Government now argues that "subsequent investigation has revealed that Jefferson County dispatch records show that the record return on both the passenger and the driver was not made until 10:13 a.m., which is after the officers developed probable cause from the dog's alert on the vehicle." Doc. # 53, at p. 1. In light of this evidence, the Government requests that the court re-open the suppression hearing.

Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made earlier or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994); *see also United States v. Hassan*, 83 F.3d 693, 696 (5th Cir. 1996) (finding the district court did not abuse its discretion in denying Government's motion to reopen suppression hearing to permit Government to present evidence not previously raised).

> The high burden imposed on parties seeking reconsideration has been established to discourage litigants from making repetitive arguments on issues that have already been considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters. Petitioner may neither repeat arguments already briefed, considered, and decided, nor advance new facts, issues, or arguments that could have been presented.

*United States v. Olis*, 2008 WL 5046342 at *31 (S.D. Tex. Nov. 21, 2008) (denying criminal Defendant's motion to reconsider motion for discovery where the motion was based on "the same facts and arguments previously raised and previously rejected" by the court).

One of the officers involved in the traffic stop, Lieutenant Viator, testified that he had dispatcher run the driver's – Ms. Bailey's[1] – name, date of birth, and address, but received no

---

[1] Defendant was not driving the vehicle, even though he was listed on the rental agreement as an authorized operator. The driver was Defendant's girlfriend, Kimberly Bailey.

2

information regarding any warrant in her name. Tr. at p. 77, l. 24 - p. 78, l. 13.[2] He also ran Defendant's name, and again received no information about a warrant. Tr. at p. 78, ll. 14-19. He did not know exactly when he received the information that there were no warrants, only that it was "during our stop." Tr. at ll. 20-24.

Deputy Kelley, who had the initial contact with Defendant and Ms. Bailey, testified about the events and the video made by the camera in his patrol car. The court had a portion of the traffic stop video replayed and questioned Deputy Kelley about the computer check on Ms. Bailey to clarify the time. Tr. at p. 21, l. 18 - p. 24, l. 3. Deputy Kelley agreed that the return on the computer check came back at 9:59:35. Tr. at p. 23, l. 12 - p. 24, l. 2.

The court found that the stop occurred at 9:49:53; the competer record check[3] was requested at 9:55:40; the return occurred at 9:59:35, Tr. at p. 119, l. 15 - p. 120, l. 12; the officers began asking for consent to search at 9:59:35; and Ms. Bailey finally told them "no" at 10:03:42. The drug dog was not called until after she refused consent at 10:03:42. Tr. at p. 120, ll. 13-25.

All times cited by the court are to the time shown on the police video of the traffic stop, and the Government did not dispute any of the above findings at the suppression hearing. The Government now argues that, after further investigation, it has determined that Jefferson County dispatch records show the record return on both the Defendant and the driver was not made until 10:13 a.m., which was after the drug dog was called.

---

[2]The final transcript of the suppression hearing was unavailable at the time of this writing. All transcript citations are therefore to the rough draft.

[3]As stated above, Ms. Bailey did not have her license, so Deputy Kelley obtained her name, date of birth, and address to perform the license and warrants check

3

Ironically, even though he was represented by counsel, Defendant himself sent to the court a handwritten request for the dispatch tape of the traffic stop.[4] The court was aware that the tape might establish that the officers unreasonably held Defendant after the purpose of the initial stop was satisfied. The court discussed the dispatch tape and log with counsel at the suppression hearing. Tr. at p. 11, ll. 5-8. Counsel for the Government did not indicate at that time that it was not in possession of, or had not reviewed, these materials. Since a video of the traffic stop should provide a continuous "real time" view of the events, and because hybrid representation is generally not permitted, the court did not grant Defendant's letter request for the dispatch record.

The Government concedes that the dispatch record actually "was available to the United States prior to the hearing." Doc. # 53, at p. 1. For whatever reason, the Government chose not to review the dispatch tapes and log, or bring them to the hearing. The Government points to no mistake of fact or law in the court's prior ruling based on the evidence before the court. The Government clearly could, and should, have presented this obviously important and clearly available evidence earlier, but did not.

Although the Defendant normally bears the burden of proving by a preponderance of the evidence that a challenged search was unconstitutional, the Government bears the burden of proving that the search was valid where, as here, a police officer acts without a warrant. *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005). The court has already found that the Government did not sustain this burden. Even after the court questioned the officers about the

---

[4]This letter was received by the court on February 18, 2009. Because it was sent directly to chambers, it did not appear on the docket sheet at that time. However, the letter was discussed by the court at the beginning of the suppression hearing on the record, Tr. at p. 9, l. 2 - p. 12, l. 11, and was subsequently entered on the docket sheet as a "correspondence."

sequence of events shown on the video, there was no hint in the evidence that the request for consent to search and the call for the drug dog occurred before the computer checks came back clean. Now the Government asserts that it has a dispatch record that shows different or additional facts. However, even if it had the time to do so, federal courts cannot allow parties to re-open cases to add evidence after every adverse ruling.

IT IS THEREFORE ORDERED that the Government's Amended Motion for Reconsideration and to Re-Open the Suppression Hearing [Doc. # 54] is DENIED.

So **ORDERED** and **SIGNED** this **6** day of **March, 2009.**

_____
Ron Clark, United States District Judge